**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION-COLUMBUS**

| | | |
|---|---|---|
| KENNETH TIRADO<br>2225 Red Barn St.<br>Delaware, Ohio 43015 | )<br>)<br>)<br>) | |
| Plaintiff, | ) | No.  2:11-cv-278 |
| vs. | )<br>)<br>) | JURY DEMAND ENDORSED HEREON<br>VERIFIED CIVIL COMPLAINT |
| NORTHSTAR LOCATION<br>SERVICES, LLC<br>4285 Genesee St.<br>Cheektowaga, NY 14225 | )<br>)<br>)<br>)<br>) | (Unlawful Debt Collection Practices) |
| Defendant. | ) | |

**VERIFIED COMPLAINT**

KENNETH TIRADO (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NORTHSTAR LOCATION SERVICES, LLC (Defendant):

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the State of Ohio, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person residing in the Delaware, Delaware County, Ohio.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

8. Defendant is a national corporation with its headquarters in Cheektowaga, New York.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect from Plaintiff on a debt allegedly owed to Bank of America.

11. On February 1, 2011 at 2:00 p.m., Defendant placed a collection call to Plaintiff on his work cell phone.

12. Plaintiff informed Defendant not to call him because this was a work cell phone that Defendant was calling.

13. From February 1, 2011 until March 1, 2011, Defendant placed another 36 collection calls to Plaintiff on his work cell phone from 866-677-2569 and 866-328-8252.

14. On February 15, 2011, Defendant placed collection calls to Plaintiff at 9:20 p.m., 9:23 p.m., and 9:42 p.m. from 866-328-8252 and at 9:25 p.m. from 866-677-2569.

15. On February 16, 2011, Defendant placed collection calls to Plaintiff at 8:43 a.m., 10:56 a.m., 11:04 a.m., 11:55 a.m., 12:49 p.m., 12:50 p.m., 12:52 p.m., 12:53 p.m., and 2:47 p.m.

866-677-2569.

16. On February 16 at 10:56 a.m., Defendant left a voicemail message which did not identify itself as a debt collector.

17. On February 16, 2011, Plaintiff informed Defendant's representative, Mr. Reid ("Reid") that he was represented by an attorney and to stop calling.

18. Reid informed Plaintiff that he would remove Plaintiff's telephone number from Defendant's record.

19. On February 18, 2011, Defendant placed collection calls to Plaintiff at 8:04 a.m. and 8:05 a.m from 866-677-2569.

20. On February 21, 2011, Plaintiff again informed Reid that he disputed the debt, was represented by an attorney and to stop calling.

21. Reid again informed Plaintiff that he would remove Plaintiff's telephone number from Defendant's record.

22. On February 28, 2011, Defendant placed collection calls to Plaintiff at 9:13 a.m., 9:14 a.m., 9:15 a.m., 9:16 a.m., 9:21 a.m., 9:22 a.m., 11:49 a.m., 11:57 a.m., 11:58 a.m., and 11:59 a.m. from 866-677-2569.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

23. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* by contacting Plaintiff at a time and place known to be inconvenient;

   b. Defendant violated *§1692c(a)(2)* by contacting the Plaintiff after Defendant knew

  that Plaintiff was represented by an attorney;

c. Defendant violated *§1692c(a)(3)* by communicating with the Plaintiff at his place of employment when Defendant knew that Plaintiff's employer prohibits Plaintiff from receiving such communication;

d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

f. Defendant violated *§1692d(6)* of the FDCPA by placing a telephone call to the Plaintiff without meaningful disclosure of the caller's identity;

g. Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of Plaintiff's alleged debt;

h. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning Plaintiff; and

i. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial and subsequent communications with Plaintiff that it was a debt collector attempting to collect a debt.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

24. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,* and

26. Any other relief that this Honorable Court deems appropriate.

                                    RESPECTFULLY SUBMITTED,

                    By: /s/ Peter Cozmyk
                         Peter Cozmyk, Esq.
                         Attorney for Plaintiff
                         Ohio Registration No. 0078862
                         Krohn & Moss, Ltd.
                         8043 Corporate Circle, Suite 3
                         North Royalton, OH 44133
                         phone: (323) 988-2400 x 213
                         fax: (866) 799-3206
                         e-mail: pcozmyk@consumerlawcenter.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KENNETH TIRADO, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF OHIO)

Plaintiff, KENNETH TIRADO, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KENNETH TIRADO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3-8-11

_____
KENNETH TIRADO
Plaintiff